**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **HASAN H KAABNEH #A079-212-882** | **CASE NO. 3:26-CV-02609 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**ORDER**

Presently before the Court is the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 8]. The Court held a Zoom conference regarding the Motion on August 28, 2026, after which both parties filed the documents requested by the Court. On September 3, 2026, the Court entered a subsequent minute entry directing the Defendants to submit additional information. That information has now been submitted.

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[1] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[2] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[3] Further, preliminary

---

[1] *Sambrano v. United Airlines, Inc*., 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

[2] *Misquitta v. Warden Pine Prairie ICE Processing Ctr*., 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

[3] *Canal Auth.*, 489 F.2d at 573.

injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[4]

After reviewing the entire record, the Court finds that the Petitioner has failed to establish a substantial likelihood of success on the merits. Petitioner was provided notice as required and did not properly pursue a credible fear claim. As he is being removed to his country of origin, no further action is required. Accordingly,

IT IS ORDERED THAT the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 8] is DENIED.

THUS DONE in Chambers on this 4th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[4] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).